IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RIVERPOINT MANAGEMENT LLC,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**MARY KLEINHOLZ,** )<br>)<br>**Defendant.** ) | 8:06CV301<br><br>ORDER |

On May 17, 2006, the court conducted a telephonic hearing on the Objection to Subpoena [30] filed by non-party Concentric Corporation ("Concentric"). Nancy Wood represented the plaintiff, Ben Belmont represented the defendant ("Kleinholz"), and Craig Knickrehm represented Concentric.

Plaintiff's subpoena, issued on May 17, 2006, commanded the production of four categories of documents:

   1. All documents reflecting communications between any representative of [Concentric] and [Kleinholz] prior to the date of her inception of employment.

   2. All documents pertaining to Kleinholz's employment with Concentric, including but not limited to her personnel file.

   3. All documents, including client lists and consultant lists, reflecting any clients or consultants who have been solicited by Kleinholz or have started to work with or for Concentric since the inception of Mary Kleinholz's employment.

   4. All documents reflecting all sales, marketing calls or recruiting efforts made by Kleinholz since the inception of her employment with Concentric.

Concentric's objections were resolved, as follows:

- Concentric withdrew its objection based on manner of service.

- Concentric's objection to Request No. 2 is overruled.

- Concentric's objection to Request No. 3 is sustained as to documents reflecting clients or consultants who have started to work with or for Concentric since the inception of Mary Kleinholz's employment. The objection is denied as to the remainder of the request.

- Concentric's objection to Request No. 4 is overruled.

      Turning to Concentric's objection that the time allowed for compliance (by May 23, 2006) was unreasonable, Concentric is given until and including 12:00 noon on May 25, 2006 to produce the required documents. Because the documents may include trade secrets or other confidential information, the parties are directed to submit a stipulated protective order to the court prior to the exchange of documents.

      **IT IS SO ORDERED.**

      **DATED May 22, 2006.**

                                   **BY THE COURT:**

                                   **s/ F.A. Gossett**
                                   **United States Magistrate Judge**